IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

In Re:

Philippe Charles Brooks and

Jolie Melinda Brooks

    Debtor

_____/

CASE NO. 11-38159
CHAPTER 13

Philippe Charles Brooks and

Jolie Melinda Brooks

    Plaintiff

v.

Nationstar Mortgage LLC

    Defendant

_____/

ADV. PROC. NO: 12-01583

## NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO DEMAND A MORE DEFINITE STATEMENT

Defendant, NATIONSTAR MORTGAGE LLC ("NATIONSTAR"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1334(c)(1) and Bankruptcy Rule 7012, moves to dismiss Debtor/Plaintiff Philippe Charles Brooks and Jolie Melinda Brooks' Adversary Complaint, and states as follows:

1. On October 11, 2011, Debtor/Plaintiff filed her Petition for Chapter 13 Bankruptcy Relief.

2. On June 19, 2012, Debtor/Plaintiff filed the Adversary Proceeding against Creditor/Defendant Nationstar Mortgage, seeking to declare the Nationstar's lien is void,

that the Proof of Claim filed by the Nationstar is inaccurate and should be stricken, and that Nationstar lacks proper standing in the case.

3. Florida Statute 673.3011 states that "the term 'person entitled to enforce' an instrument means…1. The holder of the instrument.

4. Nationstar currently holds the original note in question, which contains a blank endorsement, and stands ready to offer the original note to the Court at the hearing on this matter. A copy of the original note is attached as Exhibit A.

5. The Plaintiff's Objection to the Proof of Claim includes, in Count I, an allegation that Nationstar has no valid security interest in the Plaintiff's homestead. Nationstar holds the original note and mortgage, endorsed in blank. Plaintiff's Count I should be dismissed.

6. The Plaintiff's Objection to the Proof of Claim includes, in Count II, an allegation that Nationstar does not have a perfected secured claim upon Plantiff's homestead. Nationstar holds the original note and mortgage, endorsed in blank. Plaintiff's Count II should be dismissed.

7. The Plaintiff's Objection to the Proof of Claim includes, in Count III, an allegation that the amount of the arrears is incorrect. Plaintiff at no point pleads with specificity as to what alleged mistakes are in the claim, other than a vague assertion that the escrow shortage is incorrect. Plaintiff's Count III merely attempts to piggyback allegations about the numbers in the Proof of Claim onto the previous assertions that Nationstar is not a properly secured creditor. Plaintiff's Count III should be dismissed, or, in the alternative,

the Plaintiff should plead with more specificity as to the supposed defects in the Proof of Claim.

8. Count IV is vague, but seems to imply that since Nationstar does not have a valid security interest, Nationstar is somehow violating the automatic stay. Nationstar does have a valid security interest. Count IV should be dismissed, or, in the alternative, the Plaintiff should plead with more specificity as to the supposed violations of the automatic stay.

9. Count V accuses Nationstar of fraud upon the court because of a supposed problem with an assignment of mortgage. The assignment in question is between Suntrust Mortgage, the original noteholder, and Nationstar, the current holder of the original note endorsed in blank. It is merely a reflection of reality. Count V should be dismissed.

WHEREFORE, Movant, NATIONSTAR MORTGAGE LLC ("NATIONSTAR"), prays that this Honorable Court will enter its order granting this Motion and setting aside the Order granting Motion to Value.

I HEREBY CERTIFY THAT I AM ADMITTED TO THE BAR OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, AND I AM IN COMPLIANCE WITH THE ADDITIONAL QUALIFICATIONS TO PRACTICE IN THIS COURT SET FORTH IN LOCAL RULE 2090-1-A.

/s/ Kevin A. Comer
Law Offices of Daniel C. Consuegra, P.L.
X Kevin A. Comer/Florida Bar #55553
9204 King Palm Drive
Tampa, Florida 33619-1328
bkfiling@consuegralaw.com
Tel (813) 915-8660
Fax (813) 664-8889
Attorney for Creditor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing with attachments has been served either by electronic or standard first class mail this 18th day of July, 2012 to JOLIE MELINDA BROOKS A/K/A JOLIE M. BROOKS, 18220 NW 78TH AVE, PHILIPPE CHARLES BROOKS A/K/A PHIL C. BROOKS, 18220 NW 78TH AVE, HIALEAH, FL 33015; ROBERT GINDEL, ESQUIRE, 1500 GATEWAY BLVDE # 220, BOYNTON BEACH, FL 33426; NANCY N. HERKERT, TRUSTEE, P.O. BOX 279806, MIRAMAR, FL 33027; ANDUNITED STATES TRUSTEE, 51 SOUTHWEST FIRST AVENUE, SUITE 1204, MIAMI, FL 33130.

/s/ Kevin A. Comer
Kevin A. Comer, Esquire